[Cite as *State ex rel. Wang v. Cleveland*, 2026-Ohio-2546.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. TERI WANG,          :

    Plaintiff-Appellant,          :

                                   No. 116091

    v.          :

CITY OF CLEVELAND,          :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-121367

---

### *Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., LPA., and Mark I. Wallach, *for appellant.*

Mark Griffin, Cleveland Director of Law, James R. Russell, Jr., Chief Assistant Director of Law, and Matthew R. Aumann, Assistant Director of Law, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Teri Wang ("Wang") appeals the trial court's granting of appellee City of Cleveland's (the "City") motion to disqualify Wang's counsel. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On July 23, 2025, Wang brought the underlying taxpayer complaint against the City requesting declaratory judgment that the City's appointments, through the mayor, to the Cleveland Community Police Commission ("CPC") were invalid. The CPC consists of 13 members and its structure and appointment process is governed by Cleveland City Charter Section 115-5, which sets forth qualifications, disqualifications and requirements, for members.

{¶ 3} Almost a year and a half prior to this lawsuit, the City retained McCarthy, Lebit, Crystal, and Liffman Co., LPA (the "firm") to perform legal services including the rendering of a legal opinion for the CPC. Specifically relevant to this appeal, the firm was hired to "render a written legal opinion to CPC regarding whether the Mayor, acting under the authority of the City Charter, is permitted to reject the nominee of the CPC for the position of executive director." Attorney Mark Wallach ("Wallach"), who works for the firm, provided the legal opinion on this issue to the City.

{¶ 4} Wallach now represents Wang, against the City, in the underlying case.

{¶ 5} After Wang filed her complaint, the City filed a motion to disqualify Wallach alleging his prior representation of the City was for a substantially related matter and that, in the course of his representation, he had received confidential material including a prior privileged legal opinion. Wang opposed the motion.

{¶ 6} On January 17, 2026, the trial court granted the City's motion disqualifying Wallach from the action. In its journal entry, the court found that because both this case and the prior representation involved "the mayor's appointments to the [CPC] under section 115-5, including the qualifications required under the charter and the deference given to the mayor's appointments," the subject matter of "the past relationship [was] substantially related to the present case[.]" Based on that the court also found that Wallach is "presumed to have benefited from confidential information."

{¶ 7} Wang appeals Wallach's disqualification raising the following two assignments of error:

### Assignment of Error No. 1

The trial court erred as a matter of law in granting the city's motion to disqualify on the basis that the prior and instant representations were "substantially related."

### Assignment of Error No. 2

The trial court erred in finding that there is an irrebuttable presumption that appellant's counsel acquired confidential information.

### Law and Argument

{¶ 8} Because Wang's assignments of error both concern the court's granting of the City's motion to disqualify Wallach, they will be addressed together for convenience and judicial economy.

**Motion to Disqualify**

{¶ 9} In her appellate brief, Wang alleges that Wallach's prior representation was not substantially related, or even related at all, to this case. Wang argues that the subject matter of the current litigation is not related to the question for which Wallach provided a legal opinion to the City during his prior representation. She argues that the current litigation involves a separate provision of the City's charter and a separate legal question with no overlap from the previous question Wallach answered for the City.

{¶ 10} The City disagrees arguing that this lawsuit, and the legal opinion Wallach provided, involve the City Charter Section, the same parties and even the same members of the CPC who were present when Wallach provided the opinion. The City argues that the question at issue in this litigation is whether the mayor may decide who is qualified for roles in the City, such as executive director of the CPC, and the level of deference his decision is due. The City further argues that Wallach considered this same issue in his prior legal opinion. Both the current litigation and prior litigation concern the interpretation of City Charter Section 115-5.

{¶ 11} "In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard." *Lytle v. Mathew*, 2017-Ohio-1447, ¶ 11-13 (8th Dist.). "A trial court has wide discretion in the consideration of a motion to disqualify counsel." *WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491, ¶ 23 (8th Dist.). An abuse of discretion occurs when a court exercises its judgment in an

unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 12} As stated previously by this court regarding the test for disqualification of counsel:

> Ohio has adopted the three-part test for disqualification of counsel due to a conflict of interest set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir.1990). The test is as follows: (1) a past attorney-client relationship must have existed between the party seeking disqualification and the attorney he or she wishes to disqualify; (2) the subject matter of the past relationship must have been substantially related to the present case; and (3) the attorney must have acquired confidential information from the party seeking disqualification. *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, ¶ 18, citing *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶ 13.

*WFG Natl. Title Ins. Co. v. Meehan*, 2018-Ohio-491, ¶ 25 (8th Dist.). As noted by the trial court, and the parties in this case, the first element of this test is not in dispute; ergo we focus on the second and third elements.

{¶ 13} "Many courts look to the governing code or codes of professional conduct for guidance in determining whether disqualification of counsel is proper." *Kreis v. Dollings*, 2025-Ohio-1329, ¶ 30 (5th Dist.), citing *Morgan v. N. Coast Cable Co.*, 63 Ohio St.3d 156, 159 (1992). *See also Lytle v. Mathew*, 2017-Ohio-1447, ¶ 14-16 (8th Dist.); *Starner v. Johnson*, 2020-Ohio-4580, ¶ 10 (10th Dist.); *Douglass v. Priddy*, 2014-Ohio-2881, ¶ 17 (11th Dist.). Relevant to this case is Ohio Rule of Professional Conduct 1.9(a), which governs an attorney's duties to former clients, and states: "[u]nless the former client gives *informed consent, confirmed in writing*, a lawyer who has formerly represented a client in a matter shall not

thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client." (Emphasis in original.) Of further relevance is Ohio Rule of Professional Conduct 1.0(n), which provides that "'[s]ubstantially related matter' denotes one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter."

{¶ 14} "[M]atters are substantially related if there is some 'commonality of issues' or a 'clear connection' between the subject matter of the former representation and that of the subsequent adverse representation." *Majestic Steel Serv. v. DiSabato*, 1999 Ohio App. LEXIS 4919, *6-7 (8th Dist. Oct. 21, 1999), quoting *Phillips v. Haidet*, 119 Ohio App.3d 322 (3d Dist. 1997); *see also Shawnee Assocs., L.P. v. Shawnee Hills*, 2008-Ohio-461, ¶ 21 (5th Dist.) ("[T]o have a substantial relationship . . . the factual contexts of the two representations must be similar or related."). "Ohio appellate courts have found that an attorney's former and subsequent representations of a client are substantially related when those representations involve the same types of claims, arise out of the same case, or concern the same parties." *Wynveen* at ¶ 28. *See also Litigation Mgmt. v. Bourgeois*, 2009-Ohio-2266, ¶ 17 (8th Dist.) (same claims); *In re Smith*, 2007-Ohio-893, ¶ 67 (11th Dist.) (same case and parties); *Majestic Steel* at *8 (same types of claims).

**{¶ 15}** Regarding the third element of the *Dana* test, the general rule is when there is proof of "'a former attorney-client relationship concerning substantially related matters, disclosure of confidences is presumed.'" *Wynveen* at ¶ 36, quoting *Cleveland v. Cleveland Elec. Illum. Co.*, 440 F.Supp. 193, 209 (N.D.Ohio 1976), citing *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265 (S.D.N.Y.1953). "As a matter of law, the disclosure of confidences to one's attorney can be presumed and need not be proven by the moving party." *Harsh v. Kwait*, 2000 Ohio App. LEXIS 4636, *7 (8th Dist. Oct. 5, 2000), citing *Brant v. Vitreo-Retinal Consultants, Inc.*, 2000 Ohio App. LEXIS 1494 (5th Dist. Apr. 3, 2000). Furthermore, this presumption is irrebuttable when it is the attorney himself that represented the former client in matters substantially related to those in a subsequent case he wishes to bring against the former client. *Wynveen* at ¶ 36.[1]

**{¶ 16}** Here, as discussed above, the trial court found the subject matter of the past relationship was substantially related to the present case and Wallach was "irrebuttably [sic] presumed to have benefited from confidential information." The trial court stated its reasoning as follows:

> Although the Cleveland City Charter Section 115-5 contains a multitude of provisions, both the past relationship and the current case involve the mayor's appointments to the Cleveland Community Police

---

[1] This presumption is only rebuttable in a limited situation where the former representation was done by a lawyer at a firm and then another lawyer at the same firm wants to represent that party. *Stanley v. Bobeck*, 2009-Ohio-5696, ¶ 21 (8th Dist.). The other lawyer may present evidence to rebut the presumption by showing the firm had erected an "adequate and timely screen" to prevent the flow of confidential information from the quarantined lawyer at the firm to the other. *Wynveen* at ¶ 36. That situation does not apply here as it is the same lawyer from the prior representation in the current representation.

Commission. The past relationship specifically involved the mayor's power to refuse to appoint a nominee for the position of executive director, while the current case questions whether individuals appointed by the mayor to the Community Police Commission violated Charter Section 115-5 because the individuals allegedly lacked the required qualifications or were affirmatively disqualified under the charter.

Although this court recognizes that there are distinctions between the legal questions raised in each of these matters, both transactions involve the mayor's appointments to the Community Police Commission under 115-5, including the qualifications required under the charter and the deference given to the mayor's appointments. The court therefore concludes that the subject matter of the past relationship is substantially related to the present case, thus meeting the second prong of the disqualification test. The third prong is therefore met as the attorney is irrebutably [sic] presumed to have benefitted from confidential information.

{¶ 17} Upon review of the trial court's reasoning, we cannot say that it abused its discretion when it found the subject matter of the past relationship is substantially related to the present case. Both the past and current case involve the mayor's appointment authority under City Charter Section 115-5 to the CPC. There is a clear connection between the subject matter of the former representation and that of the current representation. The former and current representation involve the same subject matter or legal dispute and the mayor's authority to appoint members to the CPC. The Tenth and Twelfth District cases cited by Wang, *Sidenstricker v. Miller Pavement Maintenance*, 2001-Ohio-4111 (10th Dist.), and *Total Quality Logistics, LLC v. Integrity Express Logistics, LLC*, 2021-Ohio-4242 (12th Dist.), regarding this issue are factually distinct and not applicable to this case.

{¶ 18} Furthermore, because the first two elements of the *Dana* test were met, it was correct to find the third element that confidential information was

acquired is presumed to have been met. As noted above, this presumption is irrebuttable when it is the exact same attorney who is representing the current client in substantially related matters against a former client. *Wynveen,* 2017-Ohio-9170, at ¶ 36.

{¶ 19} Wang has failed to demonstrate that the trial court abused its discretion, or exercised its judgment in an unwarranted way, regarding this matter over which it has wide discretionary authority.

{¶ 20} Wang's first and second assignments of error are overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR